UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-80-KKC

AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY, as subrogee of
SAINT-GOBAIN CORPORATION and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., as
subrogee of SAINT-GOBAIN CORPORATION,                           PLAINTIFFS,

v                        **OPINION AND ORDER**

CTA ACOUSTICS, INC. and
BORDEN CHEMICAL, INC.,                                          DEFENDANTS.

**** **** **** ****

This matter is before the Court on various motions of the parties including the Motion for

Relief from Judgment or Order (Rec. No. 24) by the Plaintiffs.

**I.      FACTS.**

**A.      BACKGROUND.**

**1)      The Federal Action – CertainTeed Parent Company's Insurers v. CTA and
Borden.**

On February 16, 2005,  American Guarantee and Liability Insurance Company and National

Union Fire Insurance Company of Pittsburgh, Pa. (together, the "Insurers") filed this subrogation

action against CTA Acoustics, Inc. ("CTA") and Borden Chemical, Inc. seeking reimbursement for

payments that the Insurers made to their insured, Saint-Gobain Corporation, for damages allegedly

sustained by Saint-Gobain.

CTA owned a manufacturing facility in Corbin, Kentucky from which it manufactured,

among other things, various acoustical and heat management insulation products.  CTA used a

phenolic resin binder in this manufacturing.  Defendant Borden manufactured and sold Durite, a

phenolic resin binder used by CTA.

On February 20, 2003, an explosion occurred at CTA's facility.  According to the Insurers' Complaint, the explosion was determined to have originated in production line 405 and was caused by CTA's failure to properly maintain the production lines at the facility and its use of Durite at the facility.

According to the Insurers, Saint-Gobain's subsidiary – CertainTeed – leased production line numbers 401, 402 and 416 to CTA.  CertainTeed did not lease production line 405 to CTA.  The Insurers state that CertainTeed was not responsible for operating, cleaning, monitoring, maintaining, overseeing or supervising any production lines or equipment at the manufacturing facility. The Insurers state that the explosion significantly interrupted the business of CertainTeed and that, as a result, Saint-Gobain incurred damages of more than $2,900,000.  Pursuant to the applicable insurance policies, the Insurers then paid Saint-Gobain $2,900,000.

In this action, the Insurers assert state law claims that CTA negligently maintained the facility and that CTA breached the Equipment Lease Agreement with CertainTeed and breached certain express and implied warranties made in the Equipment Lease Agreement. The Insurers also assert claims against Borden of negligence, breach of contract, strict liability, and breach of certain express and implied warranties.

**2)      The State Action – CTA v. CertainTeed and Borden.**

Beginning in August of 2003, several plaintiffs claiming death or injury as a result of the explosion sued Borden, CertainTeed and CertainTeed's employee, Gary Tripp in actions currently pending in Laurel Circuit Court. CertainTeed filed Third-Party Complaints against CTA in each of these actions.  In addition to these suits, CTA sued Borden, CertainTeed and other defendants in a

case still pending in Laurel Circuit Court styled *CTA Acoustics, Inc., et al. v. Borden Chemical, Inc. et al.*, Laurel Circuit Court, Division II, Case No. 04-CI-001222 (the "State Court Action"). In that action, CertainTeed filed a Counterclaim against CTA charging that CTA breached the Equipment Lease Agreement between the parties and that CTA negligently failed to properly maintain the manufacturing facility and the equipment. In the State Court Action, CertainTeed seeks compensatory damages including attorney fees, property damage and business interruption losses it alleges were caused by CTA. (Rec. No. 17, Motion to Dismiss, Ex. B).

      **3)     CTA's Motion to Dismiss the Federal Action or to Abstain.**

    The Complaint in this action was signed by Jerry J. Cox, Esq. of Cox, Fish & Amburgey, LLC, Mount Vernon, Kentucky as "Attorneys for Plaintiffs." The Complaint also stated that Robert A. Stern and Danielle L. Sullivan – neither of whom are admitted to practice law in Kentucky – of Clausen Miller, P.C. were "of counsel" and "Attorneys for Plaintiffs."

    After the filing of the Complaint, multiple Agreed Orders were entered granting CTA and Borden additional time to respond to the Complaint, the last of which was entered on September 13, 2005. Each Agreed Order was signed by attorney Robert Stern, presumably on behalf of the Insurers, and not by attorney Cox. On October 25, 2005, Defendant CTA filed a Motion to Dismiss or, Alternatively, for Abstention. (Rec. No. 16). The Certificate of Service indicates that the motion was mailed to Jerry J. Cox in Mt. Vernon, Kentucky. The Certificate of Service also indicates the motion was mailed to Robert A. Stern and Danielle Sullivan at the address listed on the Complaint, although their firm name was omitted. On October 26, 2006, defendant Borden filed an Answer.

    In its Motion to Dismiss, CTA asserts that the Insurers do not have a subrogation claim against CTA because the Insurers do not assert that they paid Saint-Gobain for a debt that CTA owed

Saint-Gobain. Instead, the Insurers assert that they paid Saint-Gobain for a debt CTA owed CertainTeed. CTA further argues that, to the extent that the Insurers seek to recover the debt CTA owes CertainTeed, that debt is already being pursued in the State Court Action, where CertainTeed has asserted a claim against CTA. (Rec. No. 17, at 4-5). The Insurers further argue that, under the Equipment Lease Agreement, CertainTeed cannot recover any business interruption losses from CTA as a matter of law. The Insurers argue that CTA owed Saint-Gobain no duties of any type and, thus, the Insurers' negligence claim against CTA fails.

Alternatively, CTA argued that, in light of the pending State Court Action for business interruption losses filed by CertainTeed, this Court should stay this action pending resolution of the state court action or exercise its powers of abstention and dismiss this action "in light of the parallel duplicative litigation between CTA and CertainTeed." (Rec. No. 17 at 12). CTA stated that, the business interruption losses allegedly suffered by CertainTeed as a result of the subject explosion are the subjects of "identical claims" in the Laurel Circuit Court action. CTA argues that all of the state court actions seek a determination of fault for causing the explosion at issue and that CTA, Borden and CertainTeed are all named litigants in this litigation, at least part of which has been pending since August 2003. CTA states that dozens of CTA and Borden representatives have already been deposed in the state action and counsel for CertainTeed has actively participated in these depositions and that those actions are now proceeding toward trial.

CTA argues that litigating the issues in this action would result in a waste of judicial resources because the Insurers would be required to conduct the same discovery that has already been conducted in state court. In addition, CTA argues this Court should abstain because these matter involve only questions of state law. Finally, CTA argues that the state court litigation will

4

"affirmatively establish Borden's and CTA's fault in causing the subject explosion and also CTA's obligations, if any, to reimburse CertainTeed for its business interruption losses. . . [I]t is clear that the state court litigation will dispose of all the claims raised in this action involving CTA."  (Rec. No. 17 at 14-15).  On November 22, 2005, CTA moved to withdraw their motion for abstention. (Rec. No. 18).

      **4)**        **Order of Dismissal and Insurers' Rule 60 Motion.**

     The Insurers filed no response to CTA's Motion to Dismiss or to Abstain and, accordingly, on November 28, 2005, the Court entered an Order of Dismissal, granting the Motion to Dismiss or Abstain and dismissing CTA's complaint.  (Rec. No. 20).  On January 9, 2006 (Rec. No. 21), CTA moved for entry of a final judgment pursuant to Fed. R. Civ. P. 54(b) dismissing the Insurers' claims against CTA with prejudice.   On January 19, 2006, the Insurers moved, pursuant to Fed. R. Civ. P. 60, for Relief from Judgment or Order (Rec. No. 24).

     In their motion, the Insurers state that they retained the law firm of Clausen Miller, P.C. to represent them in this action and that Clausen Miller then retained Jerry Cox to serve as local counsel.   The Insurers state that CTA and Borden only contacted and communicated with its New York counsel, Daniel Stern, regarding requests for extensions of time and never contacted local counsel Cox or had any communications with Cox.  The Insurers state that Cox did not forward any correspondence or e-mails regarding the case to its New York counsel and, thus, the New York counsel was unaware of the Motion to Dismiss or Abstain.

     The Insurers state that CTA's Motion to Dismiss or Abstain was improperly served upon Stern because it omitted the law firm's name.  Thus, the motion was never delivered to Stern and he was unaware that it had been filed.  The Insurers also argue that New York counsel Stern never

received a copy of the Order of Dismissal.  The Insurers state they were unaware of the Motion to

Dismiss or Abstain or the Order of Dismissal until they received a copy of CTA's Motion for Entry

of Final Judgment.

>    **II.    ANALYSIS.**

Federal Rule of Civil Procedure 60(b) states in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's
> legal representative from a final judgment, order, or proceeding for the following
> reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . .or (6) any other
> reason justifying relief from the operation of the judgment.

A ruling on a "motion to set aside judgment under Rule 60(b)(1) is a matter addressed to the

sound discretion of the trial court, and that determination will not be reversed except for abuse of

discretion."  *FHC Equities, L.L.C. v. MCL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir.

1999)(quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993).  The Insurers ask that the Court

set aside the Order of Dismissal because their New York Counsel was unaware of the Motion to

Dismiss and their local counsel failed to forward it to the New York counsel.

The sole counsel of record for the Insurers in this action is the local counsel. Neither of the

out-of-state attorneys designated on the Complaint as "of Counsel" is admitted to the Bar of this

Court.  Further, neither has filed a motion for admission *pro hac vice* in accordance with Local Rule

83.2. Accordingly, the Motion to Dismiss was properly served upon the Insurers when it was served

upon its local counsel.

> Denial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse
> of discretion when the proffered justification for relief is the 'inadvertent mistake'
> of counsel. Gross carelessness, ignorance of the rules, or ignorance of the law are
> insufficient bases for 60(b)(1) relief....In fact a court would abuse its discretion if it
> were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying
> relief is one attributable solely to counsel's carelessness or misapprehension of the
> law or the applicable rules of court.

*Id.* at 685  (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-57 (5th Cir. 1993)).

Accordingly, neither the New York counsel's failure to apply for admission to this Court *pro hac vice* or the local counsel's failure to notify the New York counsel of the Motion to Dismiss or any other pleadings or orders in this action provide this Court with any basis for setting aside the dismissal order under Rule 60(b)(1).

Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.  This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b).  Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief."  *McCurry v. Adventist Health Systems/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002). Subsection (b)(6) is properly invoked only in unusual and extreme situations where principles of equity mandate relief. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990). If legal error is relied upon, the motion should be premised upon the category of mistake under Rule 60(b)(1). *United States v. Foley*, 110 Fed. Appx. 611, 614 (6th Cir. 2004)(unpublished) (citing *Hopper v. Euclid Manor Nursing Home,* 867 F.2d 291, 294 (6th Cir.1989)). Rule 60(b)(6) cannot provide relief for legal error absent other exceptional circumstances. *Id.*

Thus, the errors of the Insurers' attorneys alone provide no basis for the Court to set aside the dismissal order.  The issue then is whether exceptional or extraordinary circumstances exists in this matter warranting the setting aside of the order. In its motion for abstention, CTA states that there are parallel state court proceedings which require this Court to abstain from this matter under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). "[T]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its

jurisdiction, is an extraordinary and narrow exception to the duty of the District court to adjudicate a controversy properly before it." *Id.* at 813.

To determine whether application of the *Colorado River* doctrine is appropriate, the Court must first determine if there is a "parallel" state court proceeding. Actions are considered parallel if the parties are substantial similar and the claims arise from the same material facts. *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). Based on the evidence before the Court at this time, it appears that this action is parallel to the State Court Action. The plaintiffs in this action are the insurers of CertainTeed's parent corporation who assert that CTA breached the Equipment Lease Agreement between the parties and negligently failed to properly maintain the manufacturing facility and equipment. The Insurers also assert certain claims against Borden, the manufacturer of Durite. In the State Court Action, CertainTeed has filed a claim against CTA charging that CTA breached the Equipment Lease Agreement between the parties and negligently failed to properly maintain the manufacturing facility and the equipment. (Rec. No. 17, Motion to Dismiss, Ex. B). Borden is also a party to the state court action.

Thus, in this action, the Insurers are simply asserting the same claims that CertainTeed has asserted in the state court action. The Insurers are doing so as subrogee of CertainTeed's parent corporation. To the extent that the Insurers may assert breach of contract and negligence claims against CTA in the name of CertainTeed's parent corporation, it is clear that the parties are substantially similar in the state and federal actions and the substance of the claims are identical and parallel. "Where the interests of the plaintiffs in each of the suits are congruent, *Colorado River* abstention may be appropriate notwithstanding the nonidentity of the parties." *Lumen Const., Inc. v. Brant Const., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985)(quotations and citation omitted). It is not

clear, however, whether CertainTeed has asserted claims against Borden in the State Court Action as the Insurers have done in this action or whether the presence of additional claims in this action against Borden that are not present in the state action has any bearing on abstention. *See Romine*, 160 F.3d at 340(fact that federal cause of action included parties not present in state proceedings is not relevant to *Colorado River* abstention).

From *Colorado River*, federal courts have extrapolated six factors that may be weighed when considering abstention: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state-court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002). Nevertheless, "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983).

The first, second and eighth factors are neutral. It does not appear that the state has assumed jurisdiction over any res or property claims. The convenience to the parties is the same in the state and federal forums since both are located where the explosion occurred. As to the eighth factor, there is concurrent jurisdiction over this matter.

The third factor, however – concern over piecemeal litigation – appears to weigh in favor of abstention. Piecemeal litigation occurs when different courts litigate the same issue with potential

for conflicting outcomes.  *Romine*, 160 F.3d at 341. According to CTA's motion for abstention, the State Court Action involves exactly the same issues as involved in this litigation.  In this action, the Insurers assert on behalf of Saint-Gobains that CTA negligently maintained the manufacturing facility and breached its Equipment Lease Agreement with CertainTeed.  In the state action, CertainTeed asserts that CTA negligently maintained the manufacturing facility and breached its Equipment Lease Agreement with CertainTeed.  Thus, this case presents a risk of inconsistent results.

The fourth, fifth and seventh factors also weigh in favor of abstention as the state action was filed before the federal action; this matter does not involve any issues of federal law but instead involves only state law issues; and the State Court Action has progressed further than this federal action and has included significant discovery. As to the sixth factor, it appears Insurers' rights will be as protected in state court as federal court.

Thus, the relevant factors are either neutral or weigh in favor of abstention. The Insurers have never argued that abstention is unwarranted in this matter.  In its Motion to Withdraw its Motion for Abstention, CTA states simply that "facts in the underlying action have changed such that CTA no longer believes the underlying action will resolve the issues in the current action, and accordingly abstention would be inappropriate" and that "CTA no longer believes that the risk of duplicative litigation and waste of judicial resources. . .is present."  (Rec. No. 19).  The Court is unable to grant the Motion to Withdraw on the basis of CTA's beliefs with no evidence regarding any changes in the state court action since the filing of the Motion to Abstain that would provide a basis for the Court's determination that abstention is not warranted in this matter.  Accordingly, CTA's Motion to Withdraw will be DENIED.

"[T]he propriety of a district court's raising abstention sua sponte is well-settled." *Muskegon*

10

*Theatres, Inc. v. City of Muskegon*, 507 F.2d 199, 201 (6th Cir. 1974).  Because it appears that this Court should abstain in this matter, exceptional or extraordinary circumstances exist that warrant setting aside the Order of Dismissal under Fed. R. Civ. P. 60(b)(6), to the extent that the Order can be interpreted as dismissing the case on any grounds other than abstention.  Further the Court will Order all parties to file briefs explaining more fully the claims made in the State Court Action and any other relevant state action including any claims by and against Borden in those actions and the other factors relevant to abstention under the *Colorado River Doctrine*. Accordingly, the Court hereby ORDERS as follows:

1)    the Insurers' Motion to Set Aside (Rec. No. 24) is GRANTED;

2)    CTA's Motion for Entry of Final Judgment (Rec. No. 21) is DENIED;

3)    CTA's Motion for Leave to File Reply  (Rec. No. 29) is GRANTED;

4)    CTA's Motion to Withdraw its Motion for Abstention (Rec. No. 18) is DENIED;

5)    the Insurers' Motion for Status Conference (Rec. No. 30) is DENIED; and

6)    within 30 days from the entry date of this Order, all parties to this action shall file briefs fully addressing the claims made in the State Court Action and any other relevant state action and the other factors relevant to abstention under the *Colorado River Doctrine*.  Any response briefs shall be filed within 15 days of service of the opening briefs.

Dated this 15th day of September, 2006.



**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

11