UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

CIVIL ACTION NO. 05-80-KKC

AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY, as subrogee of
SAINT-GOBAIN CORPORATION and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., as
subrogee of SAINT-GOBAIN CORPORATION,                                    PLAINTIFFS,

v                                          **OPINION AND ORDER**

CTA ACOUSTICS, INC. and
BORDEN CHEMICAL, INC.,                                                    DEFENDANTS.

This matter is before the Court on the Motion for Production (Rec. No. 37) filed by the Plaintiffs and the parties' briefs addressing whether this Court should abstain in this matter pursuant to the *Colorado River* Doctrine. For the following reasons, the Motion for Production will be DENIED and the Court finds that abstention is not warranted in this action.

  I.      FACTS.

  A.      BACKGROUND.

  1)      **The Federal Action – CertainTeed Parent Company's Insurers v. CTA and Borden.**

On February 16, 2005, American Guarantee and Liability Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. (together, the "Insurers") filed this subrogation action against CTA Acoustics, Inc. ("CTA") and Borden Chemical, Inc. seeking reimbursement for payments that the Insurers made to their insured, Saint-Gobain Corporation, for damages allegedly sustained by Saint-Gobain.

CTA owned a manufacturing facility in Corbin, Kentucky from which it manufactured, among other things, various acoustical and heat management insulation products. CTA used a phenolic resin binder in this manufacturing. Defendant Borden manufactured and sold Durite, a phenolic resin binder used by CTA.

On February 20, 2003, an explosion occurred at CTA's facility. According to the Insurers'

Complaint, the explosion was determined to have originated in production line 405 and was caused by CTA's failure to properly maintain the production lines at the facility and its use of Durite at the facility.

According to the Insurers, Saint-Gobain's subsidiary – CertainTeed – leased production line numbers 401, 402 and 416 to CTA. CertainTeed did not lease production line 405 to CTA. The Insurers state that CertainTeed was not responsible for operating, cleaning, monitoring, maintaining, overseeing or supervising any production lines or equipment at the manufacturing facility. The Insurers state that the explosion significantly interrupted the business of CertainTeed and that, as a result, Saint-Gobain incurred damages of more than $2,900,000. Pursuant to the applicable insurance policies, the Insurers then paid Saint-Gobain $2,900,000.

In this action, the Insurers assert state law claims that CTA negligently maintained the facility and that CTA breached the Equipment Lease Agreement with CertainTeed and breached certain express and implied warranties made in the Equipment Lease Agreement. The Insurers also assert claims against Borden of negligence, breach of contract, strict liability, and breach of certain express and implied warranties.

### 2)     The State Action – CertainTeed v CTA.

Beginning in August of 2003, several plaintiffs claiming death or injury as a result of the explosion sued Borden, CertainTeed and CertainTeed's employee, Gary Tripp in Laurel Circuit Court. CertainTeed filed Third-Party Complaints against CTA in each of these actions. In addition to these suits, CTA sued Borden, CertainTeed and other defendants in Laurel Circuit Court in a case styled *CTA Acoustics, Inc., et al. v. Borden Chemical, Inc. et al.*, Laurel Circuit Court, Division II, Case No. 04-CI-001222 (the "State Court Action"). In that action, CertainTeed filed a Counterclaim against CTA charging that CTA breached the Equipment Lease Agreement between the parties and that CTA negligently failed to properly maintain the manufacturing facility and the equipment. In the State Court Action, CertainTeed sought compensatory damages including attorneys' fees, property damage and business interruption losses it alleged were caused by CTA. (Rec. No. 17, Motion to Dismiss, Ex. B).

**3)    CTA's Motion to Dismiss the Federal Action or to Abstain.**

In this action, CTA filed a Motion to Dismiss or, Alternatively, for Abstention. In its Motion to Dismiss, CTA argued that the Insurers do not have a subrogation claim against CTA because the Insurers do not assert that they paid Saint-Gobain for a debt that CTA owed Saint-Gobain. Instead, the Insurers assert that they paid Saint-Gobain for a debt CTA owed CertainTeed. CTA further argued that, to the extent that the Insurers seek to recover any debt CTA owed CertainTeed, that debt was already being pursued in the State Court Action, where CertainTeed had asserted a claim against CTA. (Rec. No. 17, at 4-5).

Alternatively, CTA argued that, in light of the pending State Court Action, this Court should stay this action pending resolution of the State Court Action or exercise its powers of abstention and dismiss this action "in light of the parallel duplicative litigation between CTA and CertainTeed." (Rec. No. 17 at 12). CTA stated that the business interruption losses allegedly suffered by CertainTeed as a result of the subject explosion are the subject of "identical claims" in the State Court Action. CTA argued that the state court litigation would "affirmatively establish Borden's and CTA's fault in causing the subject explosion and also CTA's obligations, if any, to reimburse CertainTeed for its business interruption losses. . . [I]t is clear that the state court litigation will dispose of all the claims raised in this action involving CTA." (Rec. No. 17 at 14-15). On November 22, 2005, CTA moved to withdraw its motion for abstention stating without explanation that "facts in the underlying action have changed." (Rec. No. 18).

The Insurers did not respond to CTA's Motion to Dismiss and, thus, on November 28, 2005, the Court granted the motion. (Rec. No. 20). The Insurers then moved for relief from the Court's Order dismissing their complaint.

**4)    Court's September 15, 2006 Opinion and Order.**

By Opinion and Order dated September 15, 2006, the Court granted the Insurer's motion for relief from the Court's Order dismissing their Complaint. The Court determined that, based upon the record currently before it, it appeared that the Court should abstain from this action pursuant to the *Colorado River*

3

Doctrine. The Court noted that, with its Motion to Withdraw its motion for abstention, CTA had provided the Court with no evidence regarding any changes in the State Court Action that would indicate abstention was not warranted. Thus, the Court denied CTA's motion to withdraw its motion to abstain. Further, the Court ordered the parties to file additional briefs explaining more fully the claims made in the State Court Action and any other relevant state action including any claims by and against Borden in those actions and addressing the other factors relevant to abstention under the *Colorado River* Doctrine.

## II.     ANALYSIS.

### A.     ABSTENTION.

 "[T]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of the District court to adjudicate a controversy properly before it." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976). To determine whether this Court should abstain from this matter under the *Colorado River* Doctrine, the Court must first determine if there is a "parallel" state court proceeding. Actions are considered parallel if the parties are substantially similar and the claims arise from the same material facts. *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998).

In its September 15, 2006 Opinion and Order, the Court stated that, based on the evidence before it at that time, it appeared that this action was parallel to the State Court Action. The Court noted that the Plaintiffs in this action are the insurers of CertainTeed's parent corporation who assert that CTA breached the Equipment Lease Agreement between the parties and negligently failed to properly maintain the manufacturing facility and equipment. The Insurers also assert certain claims against Borden, the manufacturer of Durite. The Court further noted that, in the State Court Action, CertainTeed filed a claim against CTA charging that CTA breached the Equipment Lease Agreement between the parties and negligently failed to properly maintain the manufacturing facility and the equipment. (Rec. No. 17, Motion to Dismiss, Ex. B). Borden was also a party to the state court action. Thus, the Court concluded that, in this

4

action, the Insurers were simply asserting the same claims that CertainTeed had asserted in the state court action. The Insurers were doing so as subrogee of CertainTeed's parent corporation.

In their briefs submitted in response to the Court's September 15, 2006 Opinion and Order, CTA, Borden and the Insurers all agree that abstention is not appropriate in this action because, on December 16, 2005, the Laurel Circuit Court dismissed with prejudice "any and all claims" of Borden and CertainTeed against CTA.  (Rec. No. 33, Laurel Circuit Court Order).  The parties argue that, as a result of this Order, there is no longer a parallel state court proceeding. They argue that the only claims remaining to be adjudicated in the Laurel Circuit Court proceedings at this time are CTA's claims against CertainTeed and Borden.

Because the Laurel Circuit Court has dismissed with prejudice all claims in state court by Borden and CertainTeed against CTA involving the incident at issue, the Court finds that there is no parallel state court proceeding.  Accordingly, abstention is not warranted.

As to CTA's request that the Court reinstate the Order of Dismissal in this action, that Order was set aside due to the Court's justified concern brought about by CTA' motion that the Court should abstain from this action in light of the State Court Action which involved substantially similar parties and identical claims. The Court found that, because it appeared that it should abstain in the matter, exceptional or extraordinary circumstances existed that warranted setting aside the Order of Dismissal under Fed. R. Civ. P. 60(b)(6).

Having already set aside the Order of Dismissal, and in accordance with this Court's preference for resolving cases on the merits, the Court declines to reinstate it. CTA may, however, in accordance with the Civil Rules, reassert the arguments made in its Motion to Dismiss for this Court's resolution on their merits.

**B.     MOTION FOR PRODUCTION.**

With their Motion for Production, the Insurers ask the Court to order CTA to produce the confidential settlement agreement and release between CertainTeed and CTA which led to the state court's

dismissal of CertainTeed's claims against CTA.  The Insurers state they want a copy of the agreement because they have been advised that it specifically provides that the dismissal of the State Court Action will have no bearing on this federal action. In response, CTA argues that the settlement agreement is privileged. CTA also appears to argue that the settlement agreement is not relevant to this action.

Though it is not clear in the Insurers' motion, the Court presumes that the Insurers want a copy of the settlement agreement because they anticipate that CTA will at some point in this litigation argue that the Insurers are barred from bringing their claims pursuant to the terms of the agreement and/or the Laurel Circuit Court's Order dismissing CertainTeed's claims against CTA. The Insurers would then presumably need a copy of the agreement to refute CTA's argument.

In *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir.2003), the Sixth Circuit addressed "whether communications made in furtherance of settlement negotiations are *discoverable* by litigants in another action." *Id*. at 979.  The Court determined that "a settlement privilege should exist." *Id*. at 981.  Nevertheless, in *Goodyear*, the Court recognized a difference between settlement *communications* and the settlement agreement itself.  *Id.* The *Goodyear* opinion applied only to settlement communications. *See QSI-Fostoria, D.C., LLC v. BACM 2001-1 Central Park West*, 2006 WL 2010791, at * 2 (N.D. Ohio 2006)(*Goodyear* "settlement privilege" protects settlement *negotiations* from discovery but does not extend to the terms of the final agreement);  *Grupo Condumex, S.A. de C.V. v. SPX Corp.*, 331 F.Supp.2d 623,629 (N.D. Ohio 2004) (stating that settlement agreement is unprotected under *Goodyear*).

Thus, the confidential settlement agreement is not privileged.  Further, the agreement is not protected from discovery simply because it has been denominated "confidential" by the parties.  "[A] general concern for protecting confidential information does not equate to privilege .... [I]n the context of settlement agreements the mere fact that settling parties agree to maintain the confidentiality of their agreement does not serve to shield the information from discovery. Simply put, litigants may not shield otherwise discoverable information from disclosure to others merely by agreeing to maintain its confidentiality." *Adams*

*v. Cooper Industries, Inc.*, 2007 WL 805459 at *2 (E.D.Ky. March 13, 2007)(quoting *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684-85 (D.Kan.2004).

Accordingly, the Insurers will be entitled to the settlement agreement if it is "relevant to the claim or defense of any party. . ." Fed. R. Civ. P. 26(b)(1). *See also Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 1996 WL 71507 (S.D.N.Y. 1996).   The Court, however, will deny the Insurers' motion for production of the agreement at this time.  First, discovery has not begun in this matter.  Thus, the request for the document is premature.  Secondly, it is not clear how the agreement is currently relevant to this action. The agreement may well become relevant if CTA should argue that the Insurers' claims are barred as a result of the agreement.  Nevertheless, CTA has not made that argument yet.

**III.    CONCLUSION.**

For all the above reasons, the Court finds that abstention is not warranted in this action and hereby ORDERS that the Insurers' Motion for Production (Rec. No. 37) is DENIED.

Dated this 9th day of April, 2007.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**