UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

CIVIL ACTION NO. 05-80-KKC

AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY, as subrogee of
SAINT-GOBAIN CORPORATION and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., as
subrogee of SAINT-GOBAIN CORPORATION,                                PLAINTIFFS,

v                                **OPINION AND ORDER**

CTA ACOUSTICS, INC. and
BORDEN CHEMICAL, INC.,                                               DEFENDANTS.

      This matter is before the Court on various motions of the parties including the Motion for Leave to File an Amended Complaint filed by the Plaintiffs (Rec. No. 77) and the Defendants' Motions to Dismiss the original complaint (Rec. Nos. 61 and 63).

      **I.    FACTS.**

      On February 16, 2005, American Guarantee and Liability Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. (together, the "Insurers") filed this subrogation action against CTA Acoustics, Inc. ("CTA") and Borden Chemical, Inc. seeking reimbursement for payments that the Insurers made to their insured, Saint-Gobain Corporation, for damages allegedly sustained by Saint-Gobain.

      CTA owned a manufacturing facility in Corbin, Kentucky from which it manufactured, among other things, various acoustical and heat management insulation products. CTA used a phenolic resin binder in this manufacturing. Defendant Borden manufactured and sold Durite, a phenolic resin binder used by CTA.

      On February 20, 2003, an explosion occurred at CTA's facility. According to the Insurers'

Complaint, the explosion was determined to have originated in production line 405 and was caused by CTA's failure to properly maintain the production lines at the facility and its use of Durite at the facility.

According to the Insurers, Saint-Gobain's subsidiary – CertainTeed – leased production line numbers 401, 402 and 416 to CTA. CertainTeed did not lease production line 405 to CTA. The Insurers state that CertainTeed was not responsible for operating, cleaning, monitoring, maintaining, overseeing or supervising any production lines or equipment at the manufacturing facility. The Insurers state that the explosion significantly interrupted the business of CertainTeed and that, as a result, Saint-Gobain incurred damages of more than $2,900,000. Pursuant to the applicable insurance policies, the Insurers then paid Saint-Gobain $2,900,000.

In their original complaint, the Insurers asserted state law claims that CTA negligently maintained the facility and that CTA breached the Equipment Lease Agreement with CertainTeed and breached certain express and implied warranties made in the Equipment Lease Agreement. The Insurers also assert claims against Borden for negligence, breach of contract, strict liability, and breach of certain express and implied warranties.

    **II.**    **ANALYSIS.**

    **A.**    **Plaintiffs' Motion to Amend Complaint (Rec. No. 77)**

In the original complaint, the Insurers stated they were filing this action as the subrogees of Saint-Gobain and that Saint-Gobain was the insured. (Rec. No. 1, Complaint, Caption, Introduction, ¶¶ 1, 3, 4, 6). With their motion to amend their complaint (Rec. No. 77), the Insurers seek to instead state that CertainTeed is the subrogor and insured.

The Federal Rules of Civil Procedure state that, when leave of the court is necessary to file

an amended complaint, the court should "freely" give such leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant a motion to amend, courts should consider "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

There has been no showing that the Insurers unduly delayed in filing this motion to amend, that they failed to notify the Defendants, that they have acted in bad faith, or that the proposed amendment is futile. There have been no prior amendments of the complaint. Neither Defendant has put forth any reason why they will be prejudiced by the proposed amendment. Defendant CTA did not respond to the motion to amend. Defendant Borden's response states that it does not oppose the motion. (Rec. No. 81). Accordingly, the Motion to Amend will be granted and the Clerk of the Court will be directed to file the Amended Complaint in the record.

While Borden does not oppose the motion to amend the complaint, it asks the Court to enter an order dismissing the original complaint with prejudice. Borden appears to argue that the original complaint should be dismissed with prejudice when an amended complaint is later filed. An amended complaint supersedes the original complaint and becomes the only "legally operative complaint." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000); *Othen v. Ann Arbor School Bd.*, 699 F.2d 309, 311(6th Cir. 1983). Thus, upon the filing of the amended complaint, the original complaint is simply a nullity. It becomes inoperative without any further action by the court.

Defendant Borden argues that if the Court does not dismiss the original complaint "with prejudice," it will be severely prejudiced because the Insurers may some day again assert that Saint-Gobain is the subrogor. Borden does not explain why it believes such an action by the Insurers is

likely. Nor does Borden specify how it will be prejudiced if the Insurers should take such action.

In the event that the Insurers should again seek to amend their complaint to assert that Saint-Gobain is the subrogor or if they should seek to make such an assertion at trial without amending their complaint, Borden would have an opportunity to prevent that assertion on the basis of prejudice under the applicable Civil Rules. The Court cannot envision any other scenarios in this matter in which the Insurers could again seek to assert that Saint-Gobain is the subrogor. In any event, dismissal of a null complaint is not appropriate.

### B. Additional Motions.

Defendant Borden also asks the Court to order that the Defendants' pending Motions to Dismiss which were filed before the Insurers tendered the Amended Complaint are moot, in light of the nullity of the original complaint upon which they were based. It is generally held that, because the amended complaint supersedes all previous complaints and becomes the only operative pleading, it renders moot any pending motions to dismiss the original complaint. *See, e.g., ABB, Inc. v. Reed City Power Line Supply* Co., 2007 WL 2713731, at *1 (W.D. Mich. 2007)(citing cases); *Kentucky Press Ass'n v. Kentucky*, 355 F.Supp.2d 853, 857 (E.D. Ky. 2005). Both Defendants assert that, in this action, their pending Motions to Dismiss will be rendered moot by the filing of the Amended Complaint. (Rec. No. 82, ¶ 5; Rec. No. .86, ¶ 4). Accordingly, the court will DENY as moot the pending Motions to Dismiss (Rec. Nos. 61 and 63).

This will, in turn, have the effect of rendering moot the Defendants' Motions for Extension of Time to File Reply Memorandum in Support of Motion to Dismiss (Rec. Nos. 82, 86) and those motions will also be denied as moot. Finally, the mooting of the Motions to Dismiss will also have the effect of rendering moot the Insurers' Second Motion to Produce (Rec. No. 76) in which the

Insurers argue that the Defendants should be required to produce a copy of a confidential settlement agreement between CertainTeed and the Defendants. The Insurers argue that they are entitled to the document because the Defendants relied on it in their Motions to Dismiss. Because the Motions to Dismiss are now moot, the Insurers' arguments for the production of the settlement agreement are also moot.

The Court recognizes that the Insurers have recently filed a motion asserting additional grounds for production of the settlement agreement (Rec. No. 89). However, that motion is not yet ripe for review. Further, consistent with this Court's Scheduling Order (Rec. No. 47), that motion, when ripe, will be referred to Magistrate Judge Robert Wier. Accordingly, the Court will not address that motion.

### III. CONCLUSION.

For all these reasons, the Court hereby ORDERS as follows:

2) The Plaintiffs' Motion for Leave to File Amended Complaint (Rec. No. 77) is GRANTED;

3) The Clerk of the Court is DIRECTED to file the Amended Complaint in the record;

4) The Defendants' Motions to Dismiss (Rec. Nos. 61, 63) are DENIED as moot;

5) The Defendants' Motions for Extension of Time to File Reply (Rec. Nos. 82, 86) are DENIED as moot; and

6) The Plaintiffs' Second Motion to Produce (Rec. No. 76) is DENIED as moot.

Dated this 29th day of April, 2008.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**